IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2002 JUN 11  P 3: 20

CLERK'S OFFICE
AT BALTIMORE

_____ DEPUTY

RAFIK MOMIN, *et. al.*  :
    Plaintiffs :
 :
 :
v. : Civil Action No. CCB 02-CV-1158
 :
 :
MAGGIEMOO'S INTERNATIONAL, L.L.C., :
    Defendant. :

## MEMORANDUM

On December 7, 1999, Rafik and Rozmin Momin (the "Plaintiffs") signed a franchise agreement permitting them to operate an ice cream franchise using the system and proprietary marks of Maggiemoo's International, L.L.C. ("Maggiemoo's" or the "Defendant"). (*See* Pl. Original Petition, ¶ IV(B).) In accordance with the agreement, the plaintiffs paid the defendant an initial franchise fee of $23,000. (*Id.*) After Maggiemoo's rejected two of plaintiffs' proposed store locations, plaintiffs attempted to terminate the agreement and obtain a full refund. (*Id.* at ¶¶ IV(C) and (D).) Maggiemoo's refused to refund plaintiffs' fee, and plaintiffs filed the present action in the 200th District Court of Travis County, Texas on January 22, 2002. The complaint alleges causes of action for breach of contract, violations of the Texas Deceptive Trade Practices-Consumer Protection Act (the "DTPA"), and money had and received. Plaintiffs seek to recover the $23,000 initial fee, attorneys' fees, and additional damages as authorized by the DTPA. (*Id.* at ¶ XI, "Prayer.")

The defendant removed this case to the United States District Court for the Western District of Texas, Austin Division pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446. The Texas

1

district court transferred it to this court in accordance with an enforceable forum selection clause in the original franchise agreement.[1] Now pending is plaintiffs' Motion to Remand the Removed Action (the "Motion to Remand"). Absent a federal question, removal under § 1441 requires complete diversity of citizenship of the named parties and an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(a)(1). Both parties concede that complete diversity exists, but the plaintiffs argue that this case does not meet the $75,000 requirement. The motion has been fully briefed, and no hearing is necessary. *See* Local Rule 105.6. For the reasons that follow, the court will allow the parties to submit evidence on the potential amount of any award of attorneys' fees in this case.

## ANALYSIS

State court actions which originally could have been filed in federal court may be removed to federal court by the defendant pursuant to 28 U.S.C. § 1441. *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987); *Mulcahey v. Columbia Organic Chemicals Company, Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). Section 1441 provides, in pertinent part, that "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district

---

[1] The forum selection clause provides:

Any legal action brought by Franchisee against Franchisor in any forum or court, whether federal or state, shall be brought exclusively in the federal district court covering the location at which Franchisor has its principal place of business at the time of the action; provided, however, that if the federal court would not have subject matter jurisdiction had the action been commenced in such court, then, in such event, the action shall be brought in the state court within the judicial district in which Franchisor has its principal business at the time the action is commenced.

*See* Franchise Agreement, ¶ 24.4.)

2

and division embracing the place where such action is pending." 28 U.S.C. § 1441. To determine whether jurisdiction is present, a court must consider the claims in the state court petition as they existed at the time of removal. *Manguno v. Prudential Property and Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). While a district court should be cautious in denying defendants access to a federal forum because remand orders are generally unreviewable, *see Cheshire*, 758 F. Supp. at 1100; 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3721 (2002), it is also true that removal jurisdiction raises "significant federalism concerns," and therefore must be strictly construed. *Mulcahey*, 29 F.3d at 151 (*citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)).

Generally, the amount requested in the complaint determines the amount in controversy. *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993) ("The general federal rule is to decide the amount in controversy from the complaint itself.") (*citing Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353 (1961)); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993) (*citing Davenport v. Proctor & Gamble Mfg. Co.*, 241 F.2d 511, 513 (2d Cir. 1957)). Plaintiffs' petition seeks compensation for the $23,000 initial franchise fee. It also requests "statutory multipliers on any award rendered" in accordance with the DTPA, and attorneys' fees. (*See* Pl. Original Petition, ¶ XI, "Prayer.") The DTPA allows a court to award treble damages based on a defendant's "knowing" conduct. *See* Tex. Bus. & Com. Code Ann. §§ 17.50(b)(1) (West 1987 & Supp. 1999). Thus, since plaintiffs could be entitled to a trebling of their award if they prevail, at least $69,000 is in controversy. *See, e.g., Fairmont Travel, Inc. v. George S. May Int'l Co.*, 75 F. Supp.2d 666, 668 (S.D. Tex. 1999); *Chittick v. Farmers Ins. Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994).

If a state statute provides for attorneys' fees, such fees also are included as part of the

amount in controversy. *Manguno*, 276 F.3d at 723 (*citing Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990)); *H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also* 14B C. Wright & A. Miller, FEDERAL PRACTICE & PROCEDURE § 3712 (2002). The DTPA allows for attorneys' fees, *see* Tex. Bus. & Com. Code Ann. § 17.50 (d), but plaintiffs suggest that this case may be presented for less than the six thousand dollars necessary to reach the jurisdictional minimum. (*See* Pl. Mot. to Remand Removed Action, p. 4 ("[T]he Defendants have failed to prove that the Plaintiffs' attorneys' fees will, as a matter of practical certainty, be sufficient to satisfy the amount in controversy requirement.").)

In determining whether an amount in controversy is sufficient to confer jurisdiction, courts apply one of two legal standards depending on whether the damages are specified or unspecified in the complaint.[2] Where a plaintiff claims a specific amount in damages that is less than $75,000, removal is proper only if the defendant can prove to a "legal certainty" that the plaintiff would actually recover more than that if she prevailed. In *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000), the Eleventh Circuit explained:

> The rationale is that although a defendant has a right to remove in certain cases, a plaintiff is still master of her own claim. Noting an attorney's twin duties to investigate his client's case and be candid with the court, we reasoned that a pleading containing a specified demand of damages and signed by a lawyer was due deference and a presumption of truth. We concluded that the defendant's burden was a 'heavy one' and the legal certainty standard was therefore appropriate.

*Id.* at 1356 (*citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). If, on the

---

[2] The Fourth Circuit has not articulated the precise standard to be applied in ascertaining the amount in controversy for diversity jurisdiction.

other hand, a plaintiff's complaint does not allege a specific amount in damages, a defendant need only prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.[3] *Gilman v. BHC Secur., Inc.*, 104 F.3d 1418, 1421 (2d Cir.1997); *Tapscott*, 77 F.3d at1356; *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993); *Gafford v. General Elec. Co.*, 997 F.2d 150, 155-61 (6th Cir. 1993); *Shaw*, 994 F.2d at 366; *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). In such cases, "[A] lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer." *Tapscott*, 77 F.3d at 1357 (*citing Gafford*, 997 F.2d at 160).

This case presents the court with a hybrid situation in which the amount in controversy is neither entirely specified nor unspecified. Although plaintiffs allege a specific amount of damages in their complaint, they also request and are entitled to attorneys' fees, which are, as yet, undetermined. The exercise of federal jurisdiction in this case turns on whether an award of attorneys' fees will exceed six thousand dollars. Thus, the court will apply the preponderance of the evidence standard in determining whether defendant has met its burden as to that portion of the amount in controversy.

While the court is tempted as a practical matter to agree with defendant's response that this case will not likely be tried for less than $6,000 in attorneys' fees (assuming that the plaintiffs have not already spent at least that amount), speculative arguments about the potential value of an attorneys' fees award are insufficient to confer jurisdiction. *See Conrad Associates v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). The court will therefore

---

[3] For a full discussion of the alternative standards of proof used by federal courts in assessing what a defendant needs to show to satisfy the amount in controversy requirement, *see Penn v. Wal-Mart Stores, Inc.*, 116 F. Supp.2d 557, 562-67 (D. N.J. 2000).

5

give both parties the opportunity to submit "'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723; *Conrad Assocs.*, 994 F. Supp. at 1198 (*quoting Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)); *see also Unified Catholic Schools of Beaver Dam Educational Ass'n*, 34 F. Supp.2d 714, 716 (E.D. Wis. 1999) ("Where the amount in controversy is contested, the proponent of federal jurisdiction must 'support its assertion with competent proof.'") (*quoting Rexford Rand Corp. v. Ancel*, 58 F.3d 1215, 1218 (7th Cir. 1995), *quoting in turn, McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)). One way of accomplishing this might be for each side to present to the court *in camera* their billing records for the case thus far; another is for the court to allow the defendant limited discovery on the question of attorneys' fees.

If the plaintiffs are determined to dispute whether attorneys' fees will, more likely than not, exceed six thousand dollars, the court will allow the parties fourteen days from the date of this order to submit a proposal outlining how they would like to proceed on the matter of estimating attorneys' fees. In the meantime, the court will issue a scheduling order to facilitate the inevitable progression of this case, either here or in the state court. A separate order follows.

6/11/02
Date

Catherine C. Blake
United States District Judge